STATE *vs.* ELIJAH W. LOCKLIN, and another.

Franklin.    Opinion January 18, 1889.

*Indictment.    Conspiracy.    Motion for new trial.    Practice.    R. S., c.* 126, § 17.

An indictment under R. S., c. 126, § 17, which charges the defendant did conspire "with intent falsely, fraudulently and maliciously" to cause A to be prosecuted for an attempt to murder and kill "of which crime the said A was innocent" is sufficient without averring that the defendant knew, or had reasonable cause for believing, that said A was innocent.

A motion to set aside a verdict, as against law and evidence cannot, be determined by the law court. Such a question, in a criminal cause, must be determined in the court below.

ON EXCEPTIONS AND MOTION.    Indictment for conspiracy. The exceptions were for overruling a motion in arrest of judgment.    The defendant moved, after verdict, that judgment be arrested, because the indictment was insufficient in law, and did not show that the defendant knew or had reasonable cause for believing that J. Wesley Dunham was innocent of the crime of attempting to administer poison.

The indictment was as follows :

"The jurors for the said state, upon their oath present, that Abner Searles and Elijah W. Locklin both of Rangely in said county of Franklin, at Rangeley in said county of Franklin, on the fourteenth day of August, in the year of our Lord one thousand eight hundred and eighty-seven, did unlawfully conspire, confederate and agree together with intent falsely, fraudulently and maliciously to accuse one J. Wesley Dunham, that he the said J. Wesley Dunham then and there attempted to kill and murder the said Elijah W. Locklin by then and there attempting to administer a deadly poison to the said Elijah W. Locklin, with intent then and there falsely, fraudulently and maliciously to cause the said J. Wesley Dunham to be prosecuted for attempt to murder and kill, of which crime the said J. Wesley Dunham was then and there innocent, against the peace of the state and contrary to the form of the statute in such case made and provided.

And the jurors aforesaid, upon their oath aforesaid, do further

present, that Abner Searles and Elijah W. Locklin both of Rangely, in said county of Franklin, at said Rangely on the fourteenth day of August in the year before written did unlawfully and maliciously conspire, combine, confederate and agree together falsely to charge and accuse one J. Wesley Dunham that he the said J. Wesley Dunham did maliciously and feloniously incite, move, procure, aid, counsel, hire and command the said Abner Searles to attempt to kill and murder the said Elijah W. Locklin, by depositing in the food of him the said Elijah W. Locklin, for said Locklin to eat, a certain deadly poison, to wit: one ounce of Paris green with intent then and there falsely, fraudulently and maliciously to cause the said J. Wesley Dunham to be prosecuted for said crime, of which crime the said J. Wesley Dunham was then and there innocent, against the peace of the state and contrary to the form of the statute in such case made and provided.

And the jurors aforesaid, upon their oath aforesaid, do further present, that Abner Searles and Elijah W. Locklin, both of Rangely in the county of Franklin, at Rangely in the county of Franklin, on the fourteenth day of August, in the year of our Lord one thousand eight hundred and eighty-seven, did unlawfully and maliciously conspire, combine, confederate and agree together falsely to charge and accuse one J. Wesley Dunham with having feloniously and of his malice aforethought attempted to kill and murder the said Elijah W. Locklin with intent then and there falsely, fraudulently and maliciously to cause the said J. Wesley Dunham to be prosecuted for the offense aforesaid, of which crime the said J. Wesley Dunham was then and there innocent.

And the jurors aforesaid, upon their oath aforesaid, do further present, that in pursuance of the said unlawful and malicious combination and conspiracy the said Elijah W. Locklin did afterwards, to wit: on the twenty-second day of August in the year aforesaid, accuse the said J. Wesley Dunham of the crime aforesaid, by procuring and causing complaint to be made before a trial justice in and for said county upon which complaint made then and there by said Locklin, warrant was issued and the said J. Wesley Dunham was arrested on said warrant, as then and there issued and taken before said justice to answer to said complaint.

And the jurors do further present, that at a hearing on said complaint issued and procured as aforesaid, held on the twenty-third day of said August, and in further pursuance of said unlawful and malicious combination and conspiracy said Abner Searles and Elijah W. Locklin did state and testify under oath that said Dunham did commit the crime as aforesaid, against the peace of the state and contrary to the form of the statute in such case made and provided."

The defendant (Locklin) also moved to set the verdict aside, because there was no evidence in the case to support the verdict and because the verdict was against law and evidence, and manifestly against the weight of evidence.

*H. L. Whitcomb, P. A. Sawyer,* with him, for defendant.

No crime is fully set out in the indictment. All the allegations, if true, would not constitute a crime. There is no allegation that the respondents knew Dunham was innocent, or that they did not have reasonable or probable cause to believe him guilty. They cannot be convicted if they believed, or had probable cause to believe Dunham, was guilty.

"The indictment must contain enough to show that the oath was one which the law authorized or required" (that crime has been committed) "or it will be defective, and clearly insufficient, even after verdict; for the verdict will affirm no more than is stated in the indictment." Per WALTON, J., in *State* v. *Mace,* 76 Maine, 64, 66.

Damages, for malicious prosecution cannot be recovered without alleging and proving want of probable cause. *Severance* v. *Judkins,* 73 Maine, 376, 378. If there was probable cause an allegation of malice amounts to nothing. *Preston* v. *Cooper,* 1 Dill. 589, cited in Add. Torts, 863. There must be both malice and want of probable cause. Add. Torts, 852, note 2; Cooley's Torts, 184; *Dennehey* v. *Woodsum,* 100 Mass. 195; *Good* v. *French,* 115 Id. 201.

Probable cause, not inferrible even from express malice. *Bond* v. *Chapin,* 8 Met. 31, 33; *Parker* v. *Farley,* 10 Cush. 279, 281; *Besson* v. *Southard,* 10 N. Y. Ct. Appeals, 236; *Heyne* v. *Blair,* 62 Id. 19; *Thaule* v. *Krekeler,* 81 Id. 428.

If it is so essential to the maintenance of a civil action, to allege and prove affirmatively the want of reasonable cause, *a fortiori*, it should be alleged in criminal pleading. The omission of any fact or circumstance necessary tȯ constitute the offense will be fatal. Whart. Am. Crim. Law, § 1059, quoted with approval by DANFORTH, J., in *State* v. *Verrill*, 54 Maine, 408, 412.

The indictment in order to charge a felony should allege that defendants feloniously conspired, &c. *Com.* v. *Kingsbury*, 5 Mass. 106. The conspiracy, not alleged to be felonious, was merged in the consummation of the end in view; and the remedy should be by indictment or civil action for a groundless and malicious prosecution, without probable cause. *People* v. *Mather*, 4 Wend. 229; *State* v. *Murphy*, 6 Ala. 765; *Com.* v. *Kingsbury*, *supra*.

The indictment in *Elkin* v. *People*, cited for the state, contains the allegation we contend is necessary to constitute the offense here sought to be charged, viz: that the defendants conspired to accuse and prosecute an innocent man for larceny, "well knowing that said crime had not been committed by him."

*F. E. Timberlake*, county attorney, for the state cited:

*State* v. *Bartlett*, 30 Maine, 132; *Commonwealth* v. *Tibbetts*, 2 Mass. 536; *Commonwealth* v. *O'Brien*, 12 Cush. 84; *Commonwealth* v. *Smith*, 103 Mass. 444; *Commonwealth* v. *Nichols*, 134 Mass. 531; *R.* v. *Spragg*, 2 Burr. 993; *R.* v. *Kennersley*, 1 Str. 193; *R.* v. *Best*, 1 Salkeld, 174; *Johnson* v. *State*, 2 Dutcher (N. J.), 313; 2 Wharton Crim. Law, § 2330; 2 Bishop on Crim. Procedure, § 240 and 41; 1 Wharton's Precedents of Ind. and Pleas., p. 26; Bishop's Directions and Forms, § 300 and note; 2 Wharton's Precedents of Ind. and Pleas., form 660; *Commonwealth* v. *Andrews*, 132 Mass. 263; *Elkin* v. *People*, 28 N. Y. 177; *State* v. *Hadley*, 54 N. H. 224; R. S., c. 126, § 17.

The indictment follows the statute and is sufficient, and would be sufficient under the common law.

There is no necessity of alleging want of probable cause; the crime itself includes or implies that, and when we declare that the conspiracy was to falsely charge or accuse another of crime, we have alleged that the respondents made a charge or accusation,

or rather that they combined together and agreed to make such charge or accusation, when there was no foundation or cause for it in their own minds, or any where else, and so could be no probable cause or want of knowledge.

The offense here charged is the combining or agreeing together to falsely accuse another of a crime. It is not a proceeding to punish for the overt act but the conspiracy *i. e.*, "the combination of two or more persons to accomplish some unlawful act; or some lawful act in an unlawful manner" and the crime is committed though there be no overt act. The indictment on those points, on which it has been assailed, follows all forms given in the different works on criminal law and the cases cited above as well as many others and has been repeatedly used and judgments had under it for the past two hundred years. All allege in substance, that the conspirators agreed together with intent falsely, fraudulently and maliciously to accuse, &c., and do not add "knowing him to be innocent" or "without probable cause." It might as well be urged, that it is necessary to allege that a person "knowingly did burn and consume," "knowingly did make an assault," or "knowingly did kill and murder."

The crime is the falsely charging. The cases cited go so far as to say it is not necessary even to allege that, the person they accuse, is innocent.

If the word "feloniously" has been improperly omitted in the indictment (which we deny) we fail to see how such omission could prejudice this defendant and would therefore be no reason for arresting judgment. R. S., c. 131, § 12.

That there has been no merger of this conspiracy is sufficiently shown by the authorities cited above. If the conspirators carry out or attempt to carry out the object of the conspiracy that fact may (or may not) be and usually is alleged in aggravation of the offense and given in evidence to prove the conspiracy. If there has been a merger in some higher crime,—what is it and how is it shown by the indictment? Two counts do not allege overt acts and certainly there can be no merger there.

WALTON, J. The defendant and one Searles are indicted for conspiring "with intent falsely, fraudulently, and maliciously," to

cause one J. Wesley Dunham to be prosecuted for the crime of attempting to murder the defendant by poison ; and a verdict of guilty having been found against the defendant, he moves that judgment may be arrested, because, as he contends, the indictment is insufficient in not averring that he knew, or had reasonable cause for believing, that the said Dunham was innocent. We have examined the indictment with care, and we think it contains an averment of every fact necessary to constitute the offense of criminal conspiracy. It follows closely and accurately the words of the statute on which it is founded. R. S., c. 126, § 17. The statute makes it criminal for two or more persons to conspire, "with intent falsely, fraudulently, and maliciously," to cause another person to be prosecuted for an offense of which he is innocent. The indictment avers that the defendant and Searles did conspire, "with intent falsely, fraudulently, and maliciously," to cause Dunham to be prosecuted for an attempt to murder and kill, "of which crime the said Dunham was innocent." Here we have an averment of the *act* of conspiring, and an averment of the co-existing *intent* which made the act criminal. The charge is not merely of an intent to accuse and prosecute, but of an intent to *falsely* accuse and prosecute. The former intent may be innocent, but the latter is always criminal. The indictment not only charges an act of conspiracy, but it also charges a co-existing intent which characterizes and makes the act criminal. In this particular it follows the very words of the statute ; and we think nothing more can be required.

The motion to have the verdict set aside as against evidence is not properly before us. Such a motion can be heard only in the court below.

*Exceptions overruled, and the motion dismissed.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.